# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **GARY CASH,** | |
| Plaintiff, | Civil Action No.: |
| v. | |
| **MIRAMED REVENUE GROUP,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

GARY CASH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIRAMED REVENUE GROUP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Plano, Texas 75074.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §153(39) and Tex. Fin. Code Ann. § 392.001(1).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a debt collection company with its corporate headquarters located at 255 West Michigan Avenue, Jackson, Michigan 49201.

10. At all relevant times, Defendant acted as a "debt collector" within the

meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone number that he has had for at least three years.

14. Plaintiff has only used this phone as a cellular telephone.

15. By way of background, beginning in or around January 2013, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

16. Defendant's collection calls derived from phone numbers including, but not limited to the following number: (866) 910-2606. The undersigned has confirmed that this phone number belongs to the Defendant.

17. During the calls, Defendant requested to speak to an unknown female third party named Portia Bennett.

18. When calls first began, Plaintiff told Defendant they were calling a wrong number and requested the calls stop immediately.

19. Defendant heard and acknowledged Plaintiff's request.

20. However, Defendant continued to call Plaintiff, including within the one year preceding the filing of this Complaint.

21. Plaintiff told Defendant they were calling a wrong number and requested that the calls stop again in July 2016.

22. However, the calls continued.

23. These calls continued through October 2016.

24. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

25. During this time, when contacting Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

26. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because the calls would begin with a pre-recorded voice before transferring the calls to live agents.

27. Plaintiff also received automated voice messages from Defendant.

28. Defendant's calls were not for emergency purposes since calls were

regarding an unknown third party named Portia Bennett.

29. After Plaintiff's requests to stop the calls were ignored by Defendant's collectors, he had no other option but to block calls from Defendant's number by downloading a blocking application to his cellular telephone.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

30. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone despite Plaintiff's multiple requests to stop calling and reporting his number as a wrong phone number to Defendant.

## COUNT II
## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

33. A debt collector violates § 392.302(4) of the TFDCPA by causing a

telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

34. Here, Defendant violated § 392.302(4) of the Texas FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone despite Plaintiff's multiple requests to stop calling and reporting his number as a wrong phone number to Defendant.

## COUNT III
## **DEFENDANT VIOLATED §1692f OF THE FDCPA**

35. A debt collector violates §1692(f) of the FDCPA by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

36. Here, Defendant violated §1692f of the FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone despite Plaintiff's multiple requests to stop calling and reporting his number as a wrong phone number to Defendant.

## COUNT IV
## **DEFENDANT VIOLATED THE TCPA**

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

39. Defendant's calls to Plaintiff were not made for emergency purposes.

40. Defendant's calls to Plaintiff, on and after Plaintiff revoked consent, were not made with Plaintiff's prior express consent.

41. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

42. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, GARY CASH, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    d.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GARY CASH, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: October 28, 2016            By: /s/ Amy L. Bennecoff Ginsburg
                                  Amy L. Bennecoff Ginsburg
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888
                                  Facsimile: (877) 788-2864
                                  Email: aginsburg@creditlaw.com